Moore v. Roe.

<hr>

CHARLES V. MOORE.

*v.*

WILLIAM T. ROE and SUSAN ROE.

The transfer of all a debtor's property pending a suit against him; the taking of an absolute deed as security for money owing by the debtor, and looseness or incorrectness in stating the consideration of the conveyance, or in determining the value of the property conveyed, are indications of fraud.

<hr>

Argued on the pleadings and proofs, before Vice-Chancellor Dodd.

*Mr. Charles D. Thompson,* for complainant.

*Mr. Shepherd,* for defendants.

DODD, V. C.

The bill in this case is filed by a judgment creditor to set aside a conveyance made by his debtor, the defendant, to his

mother, during the pendency of the action in which the judg-
ment was recovered.

The defendant, William T. Roe, was, on the 24th of May,
1880, seized of a farm of about ninety-two acres, in the town-
ship of Stillwater, county of Sussex, which by deed of that
date he conveyed to Susan Roe, his mother, and co-defendant.
The complainant, Charles V. Moore, a practising physician,
brought an action of *assumpsit* against William T. Roe, on the 1st
of that month, in the circuit court of Sussex, and on the 14th
of July following, obtained a judgment for $434.29 damages
and costs. A *fi. fa. de bonis et terris* to the sheriff was returned
that he could find no goods, and that he had levied on the above
lands.

The bill alleges that the conveyance was made without con-
sideration, or, if with consideration, that it was intended to
hinder and delay him in the collection of his debt, and should
therefore be adjudged void as to him, and prays that it may be
so decreed.

I am of opinion that the complainant is entitled to the relief
which he asks for. It seems to me clear, from the evidence,
that, while not without any consideration, the consideration was
inadequate, and further, that if adequate to the value of the
premises conveyed, the intention of the parties to it was to
hinder and delay the complainant in collecting his debt.

The defendant, Susan Roe, to whom the conveyance was made,
was a widow of advanced age, having several married children,
and possessed of pecuniary means amounting to $10,000 or
$12,000. She had let each of them have moneys which seem to
have been regarded as advances, on which only the interest was
expected to be paid. The defendant, William T. Roe, had re-
ceived different sums at various times, for which his mother, at
the date of the conveyance, held his promissory notes. Other
sums besides those named in the notes are alleged to have been
owing, but how much does not accurately appear.

On the 14th of May, 1880, Mr. Thompson, the complainant's
attorney, served a copy of the declaration in the action which
was begun on the first of the month, on the defendant therein,

who said to him, "Go ahead; I guess you won't get much," or words to that effect. The conveyance, which was made ten days afterwards, was absolute, and conveyed all the property the defendant owned. The consideration named in it was $2,000, and, in addition, the premises were conveyed subject to a mortgage for $1,450, with accrued interest from April 1st, 1869. It clearly appears that this deed was made at the suggestion of William. There was no desire or offer on her side to buy. There were wanting the essential elements and features of a *bona fide* sale. It is evident that the premises would not have been conveyed to her but for the expected judgment of Dr. Moore. She testifies that she knew that he was pressing for his claim, and that William offered to give her a deed. When asked if she did not know that Dr. Moore could not sell the farm if she held the title, she answered that she did not want him to; that she wanted to get hers. When asked if she took the farm to prevent Dr. Moore from getting his claim, she answered that she took it to get hers.

When the conveyance was made, the true amount of William's indebtedness to his mother was not ascertained, as in a genuine bargain it would have been; nor was the price or value of the farm considered and settled, as it would have been if the transaction had been in reality what it purported to be. The indebtedness was arrived at in a proximate way. The answer says it was *about* $2,000. I think it was considerably less. The mother testifies that, "it might have been $1,400, $1,500 or $1,600; it might have been more; it might have been less." The son testifies that when he made the conveyance, the sums he owed his mother aggregated *about* $2,000, as they summed them up. The farm appears to have been worth, in the market, not far from $4,000. The witnesses differ as to its value.

The transaction cannot, I think, be reasonably taken to have been a *bona fide* sale and purchase. It is, in fact, but feebly insisted on as anything more than a mode of securing to the mother the payment of her alleged claim. Regarded in that light, it was, under the circumstances, illegal and unfair. If no intention had been entertained to hinder or delay the com-

Moore *v.* Roe.

plainant, the mother's claim, if just, would naturally and properly have been secured by a mortgage giving her a prior lien on the land to the extent of her debt, and leaving the balance of the son's estate therein to be resorted to by his creditors. The course actually taken was a deceptive and embarrassing one, calculated to mislead and impede the creditor, who was known to both parties to the deed to be prosecuting his claim.

It is not difficult for parties taking such a course to deny the existence of an intention to hinder, delay or defraud, and so far to persuade themselves that their only purpose was to secure a debt due the grantee, as to make their denial without willful perjury, but the unavoidable inferences from their acts will countervail their denial.

In *Bump on Fraud. Con.*, the transfer of *all* the debtor's property is declared a badge of fraud; so, also, the existence of indebtedness and the pendency of a suit; also, the taking of an absolute deed as security for money, for it is calculated to make creditors believe that no part of the property is subject to their demands, when, in fact, it is otherwise; also, the circumstances of looseness or incorrectness in stating the consideration of the conveyance, or in determining the value of the property conveyed. *Bump on Fraud. Con.*, ch. *3, 4; Garr* v. *Hill, 1 Stock. 210; Knight* v. *Packer, 1 Beas. 214; Sayre* v. *Fredericks, 1 C. E. Gr. 205; Tantum* v. *Green, 6 C. E. Gr. 364.*

Considering all the facts and circumstances of this case, I cannot doubt that the conveyance in controversy was devised and intended to delay and hinder the collection of the complainant's debt, and must therefore advise a decree accordingly.